

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| FATIMA PEACE, | § § | |
| Plaintiff, | § § | |
| vs. | § | Civil Action No. 9:17-02062-MGL |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>Administration, | § § § § § | |
| Defendant. | § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIM FOR BENEFITS**

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claim for DIB be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on July 31, 2018. ECF No. 36. The Clerk of Court filed Plaintiff's objections on August 15, 2018, ECF No. 38, and Defendant replied on August 29, 2018, ECF No. 39. The Court has carefully reviewed Plaintiff's objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB on October 11, 2013, with a protective filing date of October 8, 2013, asserting her disability commenced on May 1, 2013. Plaintiff's application was denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Plaintiff's application on June 2, 2016. On September 28, 2016, the ALJ issued a decision holding Plaintiff was not disabled under the Social Security Act (the Act). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision, and Plaintiff appealed to this Court.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5)

whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a decision as to disability can be made at any step, the analysis ends there without proceeding to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty both to produce evidence and to prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). It is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . .

3

or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff first objects the Vocational Expert (VE) testified before the ALJ Plaintiff "'would not be able to perform and maintain "light" work on a consistent basis.'" ECF No. 38 at 1. Having reviewed the record, the Court disagrees with Plaintiff's interpretation of the VE's testimony.

The VE first testified a person of Plaintiff's age, education, and work background who could only do light work in a low-stress environment would be unable to do Plaintiff's past work. (Tr. 84-5). Given those restrictions, however, the VE stated there were other jobs available in the national economy Plaintiff could perform. (Tr. 85). Although the VE then asserted such a person would be unable to maintain employment if she required unscheduled breaks, or would otherwise be off task an average of up to ninety minutes per day beyond break times, or would be absent two to three days per month on an unscheduled basis (Tr. 86), the ALJ ultimately determined after considering the entire record, Plaintiff did not have such limitations, (Tr. 34-9). For that reason, the Court will overrule Plaintiff's first objection to the Report.

Plaintiff's remaining objections constitute a rehashing of issues earlier presented to the Magistrate Judge. *Compare* ECF No. 38 *with* ECF Nos. 1, 14, 26, 34, 35. These objections are thus substantively identical to issues Plaintiff previously raised that the Magistrate Judge thoroughly analyzed and rejected in the Report. The Court agrees with the well-reasoned conclusions of the Magistrate Judge for the reasons set forth in the Report. Therefore, as stated above, the Court will refrain from further discussing Plaintiff's arguments in support of her

objections that fail to constitute a specific objection to the Report and were already rejected by the Magistrate Judge.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claim for DIB benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 3rd day of October, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE