**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2445

FATIMA PEACE,

    Plaintiff - Appellant,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Mary G. Lewis, District Judge. (9:17-cv-02062-MGL)

Submitted: May 31, 2019              Decided: June 7, 2019

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jason Scott Luck, GARRETT LAW OFFICES, LLC, North Charleston, S.C., for Appellant. Eric P. Kressman, Regional Chief Counsel, Taryn Jasner, Supervisory Attorney, Kristina C.E. Cole, Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Sherri A. Lydon, United States Attorney, Barbara M. Bowens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Fatima Peace appeals the district court's order adopting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of Peace's application for disability insurance benefits.  In response, the Commissioner argues that Peace's pro se objections to the magistrate judge's recommendation failed to preserve all of the claims that she now presents on appeal and that, as to the claims properly before us, there was no error.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of the recommendation when the parties have been warned that failure to object will waive appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).  "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 738 (2018); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (same).  This requirement "train[s] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations."  *Midgette*, 478 F.3d at 621.

We find that the magistrate judge provided Peace with a sufficient warning concerning the importance of timely, specific objections.  Even granting Peace the liberal construction to which her pro se objections are entitled, nothing in her objections alerted

3

the district court to many of the claims she now presents on appeal. Accordingly, we conclude that the only claims for which Peace preserved appellate review are her claims that the ALJ erred in evaluating her subjective complaints and credibility and that new evidence supports her claim of disability.

"In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

Regarding Peace's remaining claims, we have reviewed the parties' briefs and the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Peace's claims for benefits, and the ALJ's factual findings are supported by substantial evidence. Peace's new evidence does not relate to the time period for which

4

benefits were denied. *See* 42 U.S.C. § 405(g) (2012); 20 C.F.R. § 404.970(a)(5) (2019); *Meyer v. Astrue*, 662 F.3d 700, 704-05 (4th Cir. 2011). Accordingly, we affirm the district court's judgment upholding the denial of benefits. *See Peace v. Berryhill*, No. 9:17-cv-02062-MGL (D.S.C. Oct. 3, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*